FILED

DEC 1 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ _____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRANK MARSHALL,<br><br>    Plaintiff,<br><br>vs.<br><br>LEI TOPOU,<br><br>    Defendant. | Case No. A05-0278 CV (JWS)<br><br>ORDER DIRECTING<br>SERVICE AND RESPONSE |

Frank Marshall, representing himself, has filed a petition for writ of habeas corpus, under 28 U.S.C. § 2241.[1] In his petition, Mr. Marshall alleges that he is an unconvicted state prisoner, who has been incarcerated on charges filed on November 25, 2003.[2]

---

[1] See Docket No. 1.

[2] See 28 U.S.C. § 2255. See also McNeely v. Blanas, 336 F.3d 822, 826-27 (9th Cir. 2003), citing Doggett v. United States, 505 U.S. 647, 652 n. 1 (1992). (in light of a "substantial" delay, "prejudice is presumed and triggers a Barker inquiry." Moreover, "the prosecution bears the burden of explaining pretrial delays."); Barker v. Wingo, 407 U.S. 514, 530 (1972) (the Supreme Court articulated a four-part test to determine when

T:\Orders.05\2254\marshall s&r.wpd

3

The Court of Appeals for the Ninth Circuit has held that "the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition."[3] That Ninth Circuit has explained that, "[i]n these situations, not covered by the limitations in § 2254, the general grant of habeas authority provided by the Constitution and § 2241 will provide jurisdiction for state prisoners' habeas claims."[4]

**IT IS HEREBY ORDERED:**

1. By agreement between the Court and the Office of Special Prosecutions and Appeals, the Office of Special Prosecutions and Appeals will accept service

---

government delay has abridged the Sixth Amendment right to a speedy trial. The factors to be considered include: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay. No single factor is necessary or sufficient.).

[3] *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir.), *cert. denied*, 125 S.Ct. 503 (2004) ("2241 confers jurisdiction on a district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. §§ 2241(a) and (c)(3). The relevant sub-section of 28 U.S.C. § 2254 confers jurisdiction on a district court to issue 'a writ of habeas corpus in behalf of a person in *custody pursuant to the judgment of a State court* ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a) (emphasis added).").

[4] *Id.* (citations omitted).

on behalf of Respondent. The Clerk of Court is directed to serve a copy of the petition, at docket number 1, and this Order, on:

> Douglas Kossler
> Office of Special Prosecutions and Appeals
> 310 K Street, Suite 308
> Anchorage, Alaska 99501

2. The Criminal Justice Act[5] authorizes the Court to appoint an attorney for a habeas petitioner who cannot afford his own attorney. Mr. Marshall must make any request for the appointment of counsel at government expense on the Motion for Appointment of Counsel and Financial Affidavit included with this Order. Any request for court-appointed counsel shall be made on or before **January 16, 2006**; In the alternative, on or before **January 16, 2006**, Mr. Marshall will file a notice of intent to proceed without counsel, and to represent himself.[6]

3. The Clerk of Court shall send this Court's form USDCA 40, Application for Appointment of Counsel, a form CJA 23, Financial Affidavit, and a Notice of Intent to Proceed Without Counsel to Mr. Marshall with a copy of this Order.

4. Respondent shall have thirty (30) days from the date of service to file an answer or other responsive pleading.[7] The answer will respond to the

---

[5] See 18 U.S.C. § 3006, et. seq.

[6] See D. Ak. HCR 4.1(a).

[7] If Mr. Marshall applies for counsel, however, the Court will give counsel an opportunity to file an amended petition, and will set a new

allegations of the motion, and in addition, state whether Mr. Marshall has used any other available state court remedies to address the issues presented.[8] Where appropriate, Respondent shall file with the Court: (a) certified copies of all pertinent findings and orders of Alaska State Court proceedings or decisions which have challenged the legality of Petitioner's confinement; (b) the transcript of those proceedings where necessary to fully reflect issues passed upon and the nature and extent of the hearings afforded Petitioner; and (c) Alaska Court of Appeals or Alaska Supreme Court decisions, and citations to published opinions, passing upon the same.

5. The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing within 30 days after the date Respondent files an answer. The motion must contain a clear and concise statement of (a) the necessity of the hearing, including why the evidence in the record is not sufficient; **and** (b) why the state court hearing (if any) was not fair or adequate.[9]

---

timetable allowing additional time for a response.

[8] *See, e.g., McNeely v. Blanas*, 336 F.3d 822, 825-26 (9th Cir. 2003) ("After the initial [§ 2241] petition was dismissed without prejudice due to the presence of unexhausted claims, Petitioner filed an amended petition, excluding the unexhausted claims, on September 25, 2000. In his answer, Respondent agreed that Petitioner has exhausted his remedies on the issues raised in the amended petition.").

[9] *See* D. Ak. HCR 8.1.

6. This case is referred to Magistrate Judge Roberts to hear and decide all procedural or discovery motions and other pre-trial matters, and to give the Court his report and recommendation, under 28 U.S.C. 636 (b)(1)(B).

7. Mr. Marshall shall serve a copy of all further papers he sends or delivers to the Court, upon Respondent's attorney, by including, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to Respondent's lawyer. A certificate of service may be written in the following form at the end of his document:

> I hereby certify that a copy of the above _(name of document)_ was served upon Special Prosecutions and Appeals, 310 K Street, Suite 308, Anchorage, Alaska 99501, by First Class, U.S. Mail, on _(date of mailing or handing to correctional officer)._
>
> _____
> (Mr. Marshall's Signature)

Any papers received by a United States District Judge or Magistrate Judge which have not been filed with the Clerk of Court, or which fail to include a certificate of service, shall be disregarded by the Court.

8. Mr. Marshall must provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

9. At all times, Mr. Marshall shall keep the Court informed of his current address, and if his address changes, he shall file a notice titled "NOTICE OF CHANGE OF ADDRESS," which shall contain **only** information about the change of

address, and its effective date, not any requests for any other relief; failure to file the notice may result in the dismissal of this action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure

10. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a United States District Judge or Magistrate Judge of this Court about the merits of this action.

11. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Marshall with this Order.

DATED this 16TH day of December, 2005, at Anchorage, Alaska.

JOHN W. SEDWICK
United States District Judge

A05-0278--CV (JWS)   12-16-05
------------------------------------------------
P. MARSHALL
w/Form USDCA 40, form CJA 23, Notice of intent to
proceed w/o cnsl, Pro Se Handbook

D. KOSSLER (AAG-308) w/cy pet
MAGISTRATE JUDGE ROBERTS
PSLC