IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT

STATE OF ALASKA,                    )
                                    )
          PLAINTIFF,                )
                                    )
vs.                                 )
                                    )
FRANK H. MARSHALL,                  )
                                    )
          DEFENDANT.                )
_____ )

**RECEIVED**

MAR 2 9 2006

FEDERAL PUBLIC
DEFENDER

Case No. 3ANS 03-12471 Cr.

MOTION TO DISMISS FOR SPEEDY TRIAL/DUE PROCESS VIOLATION

---

**VRA CERTIFICATION**

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

---

COMES NOW FRANK H. MARSHAL, by and through counsel,

Leslie Hiebert of the Office of Public Advocacy, and hereby moves to

dismiss this case for violation of his Sixth Amendment right to a speedy trial

under the Speedy Trial Clause of the U. S. Constitution.   Barker v. Wingo,

407 U.S. 514, 530, 92 S.Ct. 2182 (1972) .   He further moves to dismiss

because of a violation of his right to Due Process under the Fourteenth

Amendment of the U.S. Constitution.  United States v. MacDonald, 456 U.S.

1, 7, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982) (due process concerns

both before and after official accusation.)

| FILE | ☐ | CALENDAR | ☐ |
| CLIENT | ☐ | _____ | ☐ |
| ATTORNEY | ☑ MCG | _____ | ☐ |

This is to certify that a copy of the foregoing
is being mailed/delivered to:
FAXED  SEARS
_____
On 3/25/06 By: LAH

1

OFFICE OF PUBLIC ADVOCACY
900 West 5th Avenue, Suite 525
Anchorage, Alaska 99501
Phone (907) 269-3500 • Fax (907) 269-3535

## SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL

> The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ··· trial····" On its face, the Speedy Trial Clause is written with such breadth that, taken literally, it would forbid the government to delay the trial of an "accused" for any reason at all. Our cases, however, have qualified the literal sweep of the provision by specifically recognizing the relevance of four separate enquiries: whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result.

Doggett v. United States, 505 U.S. 647, 651, 112 S.Ct. 2686 (1992) citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182 (1972) .

### 1. UNCOMMONLY LONG DELAY

The defendant was arrested on November 25, 2003 based on the information from an informant and a sale arranged by the informant that culminated in the defendant handing 19 pills to an undercover officer.

The trial in his case has still not occurred although the filing date of this motion is March 28, 2006.

The First Circuit thought a delay of nine months overly long, absent a good reason, in a case that depended on eyewitness testimony. United States v. Butler, 426 F.2d 1275, 1277 (1970).

The delay in this case is overlong.

### 2. THE STATE IS LARGELY TO BLAME FOR THE DELAY

Most of the delay in this case has been caused by the state's unreasonable failure to obtain an adequate grand jury indictment which has required multiple motions to dismiss the

OFFICE OF PUBLIC ADVOCACY
900 West 5th Avenue, Suite 525
Anchorage, Alaska 99501
Phone (907) 269-3500 • Fax (907) 269-3535

2

indictment, unreasonable refusal to provide necessary discovery concerning the informants which required motions to compel, and inability of the court to schedule cases in a timely fashion.

The defendant was arrested November 25, 2003. The state indicted on three drug counts on December 5, 2003. The defendant filed a motion to dismiss the indictment on February 24, 2004. On May 13, 2004 the trial court dismissed Count III of the original indictment.

On June 7, 2004 a second indictment was obtained, recharging all three counts.

On July 1, 2004 the defendant filed a motion to dismiss the second indictment.

On September 13, 2004, the court granted the second motion to dismiss. The court interpreted the reindictment as starting the time over for speedy trial purposes. The defendant objected to the calculation. The defendant claimed time for trial expired on October 14, 2004. However, the court calculated the rule to expire on January 20, 2005.

On September 21, 2004, the state obtained a third indictment. On September 27, 2004 the defense objected to the Rule 45 calculation. On November 9, 2004 the defense moved to dismiss under the speedy trial rule. On December 20, 2004 the court denied the motion to dismiss. On January 24, 2005 the defendant again submitted pro se filings, which the attorney asked the court to consider, the court denied the motions on February 26, 2005.

Motions in limine, motions to compel discovery, motion to preclude experts who were improperly noticed and then withdrawn were filed and ruled on to August 16, 2005. On September 1, 2005 the defendant filed a third motion to dismiss, a motion to suppress, a motion to produce the informant information, and a motion in limine regarding some physical evidence. The state filed a notice of late opposition on October 2, 2005. However,

OFFICE OF PUBLIC ADVOCACY
900 West 5th Avenue, Suite 525
Anchorage, Alaska 99501
Phone (907) 269-3500 • Fax (907) 269-3535

3

the disclosure of the name of the informant created a conflict of interest for the Public

Defender Agency and on October 7, 2005 the public defender withdrew as counsel.

On February 17, 2006 a fourth motion to dismiss was filed on the basis of hearsay

from the informant, failure to adequately present information necessary to assess the

informant's credibility and veracity, misleading the grand jury concerning the verbal

exchange during the transaction, and the likelihood that the grand jury proceeding was

tainted.   This motion is now ripe for decision.

Also on February 17, 2006, a motion to dismiss due to entrapment by the

government was filed.  The reply to that motion is filed herewith.

The delays in the case are largely attributable to the state's failure to act reasonably in

obtaining an indictment and failing to provide discovery that was required.

## 3. ASSERTION OF THE RIGHT

The defendant has frequently asserted his right to speedy trial by filing motions and

objecting to the Rule 45 calculations.

## 4. PREJUDICE FROM DELAY

The defendant has been incarcerated from the date of his arrest.  His case has been

dismissed twice but he has remained in custody and unable to make bail.  He has repeatedly

asked for informant information but has been unable to obtain it.

Prejudice should be assessed in the light of the interests of defendants which the

speedy trial right was designed to protect. The Supreme Court has identified three such

interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and

concern of the accused; and (iii) to limit the possibility that the defense will be impaired.

OFFICE OF PUBLIC ADVOCACY
900 West 5th Avenue, Suite 525
Anchorage, Alaska 99501
Phone (907) 269-3500 • Fax (907) 269-3535

4

Barker, 407 U.S., at 532, 92 S.Ct., at 2193; see also Smith v. Hooey, 393 U.S. 374, 377-379, 89 S.Ct. 575, 576-578, 21 L.Ed.2d 607 (1969); United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966).

EVALUATION OF SIXTH AMENDMENT CLAIM

None of the four Barker factors are either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. Barker, 407 U.S. at 533, 92 S.Ct. at 2193.

The delay in this case is made more egregious because of the government's misconduct in failing to adequately disclose informant information which is constitutionally required to adequately confront Marshall's primary accuser. See Giglio v. United States, 405 U.S. 150, 92 S.Ct. 764, 31 L.Ed.2d 104 (1972). The state misled the grand jury concerning the informant's role while not providing adequate information to judge the informant's credibility. The state repeatedly made errors that resulted in dismissal of the indictment. The state has been late in filing oppositions and the court has been late in issuing rulings.

DUE PROCESS

The right to federal Due Process and fundamental fairness includes protection against being deprived of one's liberty through unreasonable conduct by the government. The United States supreme court indicated:

> We have often repeated the seminal statement from *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972), that "due process is flexible and calls for such procedural protections as the particular situation demands." *E.g., Schweiker v. McClure,* 456 U.S. 188, 200, 102 S.Ct. 1665, 1672, 72 L.Ed.2d 1 (1982); *Memphis Light, Gas &*

OFFICE OF PUBLIC ADVOCACY
900 West 5th Avenue, Suite 525
Anchorage, Alaska 99501
Phone (907) 269-3500 • Fax (907) 269-3535

OFFICE OF PUBLIC ADVOCACY
900 West 5th Avenue, Suite 525
Anchorage, Alaska 99501
Phone (907) 269-3500 • Fax (907) 269-3535

> *Water Division v. Craft*, 436 U.S. 1, 14, n. 15, 98 S.Ct. 1554,
> 1563, n. 15, 56 L.Ed.2d 30 (1978). The flexible approach of
> *Barker*, which "necessarily compels courts to approach speedy
> trial cases on an *ad hoc* basis,"407 U.S., at 530, 92 S.Ct., at
> 2192, is thus an appropriate inquiry for determining whether
> the flexible requirements of due process have been met.

U.S. v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S.

Currency, 461 U.S. 555, 564-65, 103 S.Ct. 2005 (1983).    The government

must act reasonably in prosecuting defendants with justice in mind and not

just the possibility of conviction.   The government allowed two people to

walk free on multiple A felonies involving Type IA drugs 2002.  Over a year

later, one of them set up the defendant under questionable circumstances

simply to get out from under his own problems.   The government hid the

nature of the informant and his need to implicate Marshall in drug sales to

protect himself.   The government's willingness to hide and allow two bigger

fish to swim free because one of the bigger fish delivered a small fish

violated a public trust.  It is fundamentally unfair for the government to hold

Marshall in jail for over two years while his accuser, who committed the

same crime only several times over, spent not a day in jail.  The delay caused

by repeated basic errors by the prosecutor at grand jury was unreasonable.

The failure to produce the informant information for years was unreasonable.

Even now the state seeks to avoid providing all the information necessary to

fairly defend this case by holding back on the identity of a person known to

have the inside information on Clossey – the informant who set Clossey and

Purcell up.

6

This defendant has demanded and deserves a speedy trial and the delay has been unreasonable.

Dated this ____ day of March, 2006.

Leslie Hiebert 8406029

OFFICE OF PUBLIC ADVOCACY
900 West 5th Avenue, Suite 525
Anchorage, Alaska 99501
Phone (907) 269-3500 • Fax (907) 269-3535

7

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT

STATE OF ALASKA,                    )
                                    )
              PLAINTIFF,            )
                                    )
vs.                                 )
                                    )
FRANK H. MARSHALL,                  )
                                    )
              DEFENDANT.            )
_____ )

Case No. 3ANS 03-12471 Cr.

ORDER GRANTING MOTION TO DISMISS FOR SPEEDY TRIAL/DUE PROCESS
VIOLATION

---

**VRA CERTIFICATION**

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

---

UPON CONSIDERATION of the Motion to Dismiss for Speedy Trial

and Due Process Clause violations under the federal constitution Sixth and

Fourteenth Amendments, the state's response, and the record herein, it is

hereby ORDERED that the motion is GRANTED and this case is

DISMISSED WITH PREJUDICE.

Dated this ___ day of March, 2006.


_____
Philip Volland
Superior Court Judge

OFFICE OF PUBLIC ADVOCACY
900 West 5th Avenue, Suite 525
Anchorage, Alaska 99501
Phone (907) 269-3500 • Fax (907) 269-3535

8

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA )
)
        Plaintiff, )
)
    vs. )
)
FRANK HENRY MARSHALL, )
        Defendant. )
)
)
_____ )

Case No. 3AN-S03-12471 CR

MOTION FOR RELEASE FROM INCARCERATION UNDER

CRIMINAL RULE 5.1 (e) AND/OR FOR VIOLATIONS OF

CONSTITUTIONAL MANDATED  DUE PROCESS RIGHTS

VRA CERTIFICATION. I certify that this document and its attachments do not contain
(1) the name of a victim of a sexual offense listed in A.S. 12.61.140 or (2) a
residence or business address or telephone number of a victim or of a witness to any
offense unless it is an address used to identify the place of the crime or it is an
address or telephone number in a transcript of a court proceeding and disclosure of
the information was ordered by the court.

COMES NOW, defendant, Frank H. Marshall, pursuant to Alaska

Rule of Court, Rule 5.1, (e)., Article 7 and 11 of the Alaska

Constitution, the 5th and 14th amendments of the United States

constitution, herein moves this court in dismissing all State

charges against defendant in case at bar. For violatio; of Rule
5.1 (e)
This motion is supported by the attach memorandum in support.

Dated this 5th day of, January ,200 5 , at

Anchorage Alaska.

_Frank Marshall_
Frank H. Marshall

Page 1 of 1

**Page  1  of  ___**

Frank H. Marshall
ADRESS :Cook Inlet Pretrial-1300 E. 4th.
CITY/STATE: Anchorage Alaska 99501
TELEPHONE :

Exhibit A
Page 9 of 22

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA

_____Third_____ JUDICIAL DISTRICT AT __Anchorage__

STATE OF ALASKA

        PLAINTIFF       )
                        )
    vs                   )

FRANK HENRY MARSHALL,   )

        DEFENDANT     )  Case No. __3AN-S03-12471__

### MEMORANDUM IN SUPPORT

VRA CERTIFICATION

I certify that the document and it's attachment do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclose of the information was ordered by the court.

The defendant was arrested and incarcerated on November 25th 2003, under under criminal rule 5 the defendant was en-titled, at that time, to be informed of, and provided with, all info, evi, test, and allegations being used by the State to establish porbable cause that a crime had been committed and that the Defendant had committed that crime. At that time the burden of proof is on the state; not the defendant.

Anytime after arrest and prior to being indicted [a maximum of 10 days], the defendant was entitled to request a 'preliminary examination' of all the state's info, evi, test, and allegations under criminal rule 5.1 where defendant can

STATE _____ VS  MARSHALL

CASE # __3AN-S03-12471__

PAGE __1__ of __6__

Frank H. Marshall,
ADDRESS: 1300 E. 4th Ave., Cook Inlt Pretrial
CITY/STATE: Anchorage Alaska 99501
TELEPHONE:

contest, rebutt, cross-examine and/or discredit the state's case. Once again the burden of proof is on the state; not the defendant. If the State cannot lawfully establish proba-ble cause to continue incarceration the court must Order Def-endant's immediate release. see **Sproates v. State**, 81 P.3d 301 (Alaska App. 2003).

The State returned a 'true bill' indictment against the defendant on December 5th 2003, under criminal rule 12 the defendant then had to move for a dismissal of the indictment by motion in conjunction with an evidentary hearing to be re-turned to the 'post arrest' due process phase. When filing the post indictment motion to dismiss, the burden of proof has shifted to the Defendant to prove the State has no lawful right to indict or that the indictment itself is procedurally defeicient.

Defendant's court appointed counsel filed a motion to dismiss the indictment on February 23rd 2004. The judge ruled for Defendant [with a split decision] dismissing indictment by court Order on the 13th of May 2004. However, a dismissal of an indictment is not an automatic release from incarceration for the defendant, this only retruns the Defendant to <u>post arrest</u> in the due process of the law and addistional motions

FRANK H. MARSHALL
ADDRESS: Cook Inlet pretrial 1306 E 4th
CITY/STATE: Anchorage Alaska 99501
TELEPHONE:

|  STATE | VS | MARSHALL |
|---|---|---|

CASE # ___3AN-S02-12471 CR___

PAGE__2_ of _6__

need to be filed to secure defendant's release from incarceration.

Defendant's court appointed counsel should have and could have, moved for a 'preliminary examination' and/or release from incarceration under Rule 5.1 at any time after May 13th 2004. The court can cleary determine that if the State could not prevail on the motion to dismiss the indictment filed by defendant, then it is 'probable' [rather than possible] that the State would not be able to prevail at a Rule 5.1 preliminary examination where the burden of proof is on the State rather than the Defendant.    Inexplicably, court appointed counsel neglected to move for this 'preliminary examination' or Defendant's release from incarceration.

The State re-indicted the defendant on June 7th 2004, and the defendant had to do this process over again.    Defendant's court appointed counsel filed another motion to dismiss the indictment on July 1st 2004, with this court dismissing this second indictment on September 13th 2004.

Defendant's court appointed counsel 'AGAIN' should have moved for a preliminary examination, and/or release from incarceration hearing under Rule 5.1, anytime after September 13th 2004.   At At this point in time the court can easily determine that the defendant would prevail against the State and at least secure release from incarceration.    Inexplicably, court apponted counsel again

STATE               VS    MARSHALL

CASE #  3AN-S03-12471 CR

PAGE 3 of 6

FRANK# MARSHALL
ADDRESS: Cook Inlet PreTrial 1300 E 4Th
CITY/STATE: Anchorage Alaska 99501
TELEPHONE:

neglected to move for this "pre-liminary examination or Defendant's release from incarceration.

The subsequently re-indicted defendant for the third time on September 21st 2004, and the Defendant stands poised to start the dismissal process for the third time. However, at this date the defendant's Rule 45 has runout on October 14th 2004, creating an additional bar against the prosecution in this case. Defendant's current court date for trial was December 20th 2004, However, this court change this trial date to January 20th 2004, well beyond even the most conservative Rule 45 calculations which leaves this case open to dismissal for Rule 45 violations of due process. see McKee v. State,  1/  Rule 45 is not a 'guideline' for the court; to bend and twist at the court's [or State's] whim; it is an 'ultimatum' designed to protect the defendant, from harmful delay. see Rutherford v. State, 486 P.2d 946 (Alaska 1971).

Though the defendant now stands indicted and the time for defendant's Rule 5 and Rule 5.1, due process has passed by three times; it was not because defendant was not entitled to this

---

1.  [cite ommitted]

FRANK H. MARSHALL
ADDRESS: COOK INLET PRE-TRIAL 1300 E 4th
CITY/STATE: ANCHORAGE ALASKA 99501
TELEPHONE:

due process, or because defendant would not prevail, or as a 'tactical decision' made by court appointed counsel, [see: affidavit of counsel attached], the court can plainly determine that this due process is what the defendant needed to secure and address the State's allegations against [h]im and to bring closure to this case.  The circumstances clearly and plainly show that defendant would have 'probably' prevailed. see Olsen v. State, 77 P.3d 15 (Alaska App. 2003).

Despite the fact, the court has the power to recognize and correct violations of a defendant's constitutionally mandated rights to due process of the law if, they are cause by 'ineffective Assistance of Counsel' and the excercise of the violated right would "possibly" make a difference; see:

Steffensen v. State, 900 P.2d 785, (Alaska App. 1995);
Wilson v. State, 12 P.3d 210 (Alaska App. 2000);
Shetters v. State, 751, P.2d 31 (Alaska App. 1988);

The defendant was entitled to a Rule 5.1 'Preliminary' Examination' on three seperate occassions and defendant would 'probably' [not 'possibly'] have prevailed.  Therefore, under Sproates v. State, 81 P.3d 301 (Alaska App. 2003), every day after defendant should have gotten the first 'preliminary examination' would be considered unlawful incarceration.

Frank H. Marshall
ADDRESS: Cook Inlet pretrial 1300 E. 4th
CITY/STATE: Anchorage Alaska 99501
TELEPHONE:

STATE _____ vs ___ MARSHALL _____
CASE #  3AN-S03-12471 CR ____
PAGE 5 of 6

## CONCLUSION

The defendant requests that the court make findings of fact, thru motions or an evidentiary hearing, to determine the following issues:

1) Was defendant entitled to a Rule 5.1 preliminary examination as a pre-indictment detainee.

2) Would the State have been able to demonstrate probable cause to incarcerate at these hearings.

3) was court appointed counsel was ineffective for neglecting to move for these hearings and/or release .

4) Has Rule 45 been violated by the delay caused as a result of continous indictment/dismissal actions by the state and Court Appointed Counsel.

5) Has Defendant been unlawfully incarcerated as a consequence of the violations of his constitutionally mandated rights.

WHEREFORE, defendant moves this court in granting defendant his immediate release from restraint of [h]is liberty, and all charges dismissed with prejudice.

Dated this 5th ,day of, _Janurry_ ,2005, at Anchorage Alaska.

*Frank Marshall*

Frank H. Marshall

FRANK H. MARSHALL
ADDRESS: Cook Inlet PRETRIAL 1300 E 4th
CITY/STATE: Anchorage Alaska 99501
TELEPHONE:

_____ STATE _____ VS _____ MARSHALL _____

CASE # ___ 3AN-S02-12471 CR ___

PAGE 6 of 6

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA          )
                         )
            Plaintiff,   )
                         )
      vs.                )
                         )
FRANK HENRY MARSHALL,    )
            Defendant.   )
_____)     Case No. 3AN-S03-12471  CR

### PROPOSED ORDER

IT IS HEREBY ORDERED, that this case is HEREBY DISMISSED with prejudice.

IT IS FURTHER ORDERED, that the defendant in above-captioned case be release from restraint of [h]is liberty, effective immediately and/or from the date of this Order.

DATED, this_____,day of,_____,2004, at Anchorage Alaska.

_____
Hon. Philip R. Volland
Superior Court Judge

_____ VS _____

CASE # _____

PAGE____of_____

FRANK H. MARSHALL
ADDRESS: Cook Inlet Pretrial E, 4th
CITY/STATE: Anchorage Alaska 99501
TELEPHONE:

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA

_____THIRD_____ JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA )
          PLAINTIFF )
                  )
                  )
        vs )
FRANK HENRY MARSHALL, )
                  )
                  )
_____DEFENDANT_____ ) Case No. 3AN-03-12471 CR.

### AFFIDAVIT OF FRANK H. MARSHALL

I, Frank H. Marshall, state upon oath or affirm the following
facts are true to the best of my knowledge and belief:

     Gray Soberay-after my arrest and prior to being indicated
bid (I) have a MAXIMUM OF 10 days was I entitled to request a
peliminary examinition under Criminal Rule 5.And 5.1...

Answer

Gary Soberay on or about the 13th May 04. The Judge Rule with a
split decision dismissing the Indictment as (my) Court appointed
Counsel do you think additional motions should be filed, or
or could (we) move for preliminary Examination anytime after May
the 13th 04. Do you think as my court appointed counsel that you
neglect (me) as counsel.    answer

Gary Sobery as My court appointed counsel did you neglected to
to move for preliminry examinitation or was (I) entitled to Rule
5.1. Answer

Gary Sobery on or about June 7th I was reindicted a second time
did (I) not get a dismissal on the Incictment Sep.13th 04, prior

_____State_____ vs _____Marshall_____

CASE # 3AN-03-12471 CR _____

PAGE_1_ of _2_

FRANK H. MARSHALL
ADDRESS: Cook Inlet PreTrial 1300 E. 4Th
CITY/STATE: Anchorage Alaska 99501
TELEPHONE:

1 to being Indicted    as my court appointed counsel did (I) have

2 a (MAXIMUM) of 10 days under Criminal Rule 5.1 to secure my

3 release...

4 Answer

5 Gary Sobery for the third time on Sept. 21st 04 (I) was reindicted

6 to put the burdern of proof back on the defendant

7 Gary Soberay the Indictment prior to being Indicted

8 Gary Sobery did (I) have a maximum of 10 days was (I) entitled

9 to preliminary Examination under Criminal Rule 5.1.

10 Gary Sobery on Oct.14th 04., Rule 45 run out...

11 The Clock continues to run from Oct 14th 04, to Dec.20th 04, are

12 66 days

13 Gary Soberay   Indictment Move Clock either 31 day Gary Sobey

14 Rule 45 ran out would you say that leaves this case open to diss-

15 missel pursuant to rule 45 violations is (I am) entitled to DUE

16 PROCESS.. Answer., Gary Soberay do you think you misconcive me

17 for the aforementioned reasons mentioned???

18

19 State of Alaska   )
   Third Judicial   )SS:    January 5- 2005
   District         )       DATED

20                                  Frank Marshall
                                   FRANK HENRY MARSHALL

21 Subscribed and sworn to or affirmed
   before me this  4  day of  Jan     ,

22 2005. By  Frank H Marshall     .

23                                   NOTARY

24                                  12 - 1 2006
                                   MY COMM. EXPIRES

25

PAGE 2 0f  2

State v. Marshall                    3AN-03-12471 CR.

Frank H. Marshall
Adoress Cook Inlet Pretrial 1300 E. 4th
City State Anchorage Alaska 99501

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA,

           PLAINTIFF,

vs.

FRANK MARSHALL,

           DEFENDANT.

Case No. 3AN-S03-12471  CR

### ORDER RE PRO SE FILINGS

Defendant filed the following documents:  Motion for Release from Incarceration Under Criminal Rule 5.1(e) and/or for Violations of Constitutional Mandated Due Process Rights; Affidavit of Frank Marshall; proposed Order and Certificate of Service.

Defendant has not been granted co-counsel status to permit the filing of *pro se* motions.  Accordingly, the court will take no action on defendant's *pro se* filings.  The defendant must have his attorney submit for filing with the court any and all pleadings on defendant's behalf.

DATED:  January 24, 2005, at Anchorage, Alaska.

PHILIP R. VOLLAND
SUPERIOR COURT JUDGE

*I certify that on 31ˢᵗ, JAN-05*
*a copy of the above was mailed*
*to each of the following at their*
*addresses of record:* DAO / PDA /
  Defendant

S. Derksen – Administrative Assistant

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA,                    )
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
FRANK MARSHALL,                     )
                                    )
          Defendant.                )
_____)

Case No.  3AN-S03-12471 CR

**VRA CERTIFICATION**

I certify that this document and its attachments do not contain (a) the name of a victim of a sexual offense listed in A.S. 12.61.140 or (2) a residence or business address or telephone number of a victim of or a witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

## MOTION TO DISMISS

The defendant, through counsel, pursuant to Criminal Rules 42 and 45, Article I Section 7 of the Constitution for the State of Alaska and the fifth and fourteenth amendments to the United States Constitution, moves to dismiss the charge against the defendant in the above-styled cause because the Rule 45 ending date has passed. The defendant supports his motion with the following memorandum of legal points and authorities.

The defendant on September 27, 2004 had filed an objection to the court's calculation of speedy trial time. The court had calculated a Rule 45 ending date of January 20, 2005. The defendant had maintained an ending date of October 14, 2004. The court had issued an order regarding the calculation on October 8, 2004 again ruling the ending date as January 20, 2005.

Cognizant that the court has already ruled, the defendant however must now move the court to dismiss the above-styled cause because Rule 45 time had expired in October.

The defendant adopts all arguments previously raised in his September 27, 2004

ALASKA PUBLIC DEFENDER AGENCY
900 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
Phone (907) 334-4400

This is to certify that a copy of the foregoing is being mailed/delivered to: DA

on: 11/9/04

By:

1

2    Objection to Rule 45 Calculation.

3

4        WHEREFORE, the defendant moves to dismiss.

5            Dated this 9th day of November, 2004, at Anchorage, Alaska.

6

7            Gary Soberay
             Alaska Bar 0105008

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ALASKA PUBLIC DEFENDER AGENCY
900 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
Phone (907) 334-4400

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA,      )
                      )
        Plaintiff,    )
                      )
      vs.          )
                      )
FRANK MARSHALL,    )
                      )
        Defendant.  )
_____)

Case No.  3AN-S03-12471 CR

**VRA CERTIFICATION**

I certify that this document and its attachments do not contain (a) the name of a victim of a sexual offense listed in A.S. 12.61.140 or (2) a residence or business address or telephone number of a victim of or a witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

## OBJECTION TO RULE 45 CALCULATION

    The defendant, Frank Marshall, through counsel, objects to the court's Rule 45 calculation. The court placed the defendant's Rule 45 ending date at January 20, 2005 based on the fact that the state had re-indicted Mr. Marshall and that Rule 45 calculations would run anew on the new indictment. The defendant disagrees to such an interpretation of Rule 45 and asserts that Rule 45 continues to run leaving an ending date of October 14, 2004.

    WHEREFORE, the defendant files his objection to Rule 45 calculation.

    Dated this 27th day of September, 2004, at Anchorage, Alaska.

_____
Gary Soberay
Alaska Bar 0105008
Assistant Public Defender

ALASKA PUBLIC DEFENDER AGENCY
900 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
Phone (907) 334-4400

I hereby certify that a copy of the foregoing document was hand delivered to: DAC, on 9/28/04
signature