Diane L. Wendlandt
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Diane_Wendlandt@law.state.ak.us

Attorney for Respondent Lei Topou

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| FRANK H. MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:05-cv-0278-JWS-JDR |
| ) | |
| LEI TOPOU, ) | STATE'S MOTION TO DISMISS |
| ) | PRETRIAL PETITION FOR WRIT |
| Respondent. ) | OF HABEAS CORPUS |
| ) | |

Frank Marshall has filed a pretrial habeas petition under 28 U.S.C. § 2241, asking this court to dismiss his state criminal case based on an alleged violation of his right to a speedy trial under the Sixth and Fourteenth Amendments. After he filed his petition, however, Marshall was convicted in the state court proceeding, and his sentencing is currently scheduled for August 24, 2006. Respondent Lei Topou now moves to dismiss Marshall's pretrial habeas

petition on the grounds that (1) this court should abstain from exercising jurisdiction and (2) Marshall has not exhausted his state-court remedies.

    A.    <u>This Court Should Abstain From Resolving The Speedy- Trial Issue.</u>

Federal courts have adopted a long-standing and "fundamental policy against federal interference with state criminal proceedings." *Younger v. Harris*, 401 U.S. 37, 46, 91 S.Ct. 746, 751 (1971). This policy is rooted in part in the basic concept of federalism that the "National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44, 91 S.Ct. at 750. The Supreme Court has recognized an exception to the abstention doctrine only where special circumstances warrant federal intervention. *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S.Ct. 674, 677 (1971). Special circumstances that might justify federal intervention exist where state officials engaged in "proven harassment," where the prosecution is "undertaken . . . in bad faith without hope of obtaining a valid conviction[,] and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Id.*

The general doctrine of abstention applies specifically to habeas proceedings. *In re Justices of the Superior Court Dep't of the Massachusetts Trial Court*, 218 F.3d 11, 17 (1st Cir. 2000). "With only two exceptions to date, the federal courts have routinely rejected petitions for pretrial habeas relief raising

any variety of claims and issues." *Id.* at 17-18. One of those exceptions relates to claimed violations of the defendant's right to speedy trial, but only "when the requested relief is an immediate trial." *Id.* at 18 n.5 (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123 (1973)). When a defendant seeks dismissal as the remedy for a speedy trial violation, "his habeas action must await the conclusion of state proceedings." *Id.* (citing *Carden v. Montana*, 626 F.2d 82, 84-85 (9th Cir. 1980)). (The other exception to the abstention doctrine is for double jeopardy claims. *Id.* at 17 n.5.)

In his petition, Marshall seeks dismissal of his state prosecution as a remedy for the purported speedy trial violation. This does not qualify as a special circumstance that would justify an exception to the abstention doctrine because, "unlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial." *Carden*, 626 F.2d at 84 (citing with approval *Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975)). Marshall has not alleged any fact that, if true, would establish special circumstances warranting an exception to the abstention doctrine with respect to his speedy trial claim. Therefore, as in *Carden*, "federal interference with the state proceeding [would be] premature and thus inconsistent with the dictates of our federal system." *Id.* at 85.

This conclusion is especially true now that the state court has completed Marshall's trial and all that remains is sentencing.  After he is sentenced, Marshall will be able to raise his speedy trial claim in a direct appeal to the state appellate courts.  Thus, there is no need for immediate federal habeas review.  Marshall's remedy is to proceed with the sentencing and assert his speedy trial claim on appeal.  *Carden*, 626 F.2d at 84-85 (requiring the defendant to stand trial in the state court proceeding before asserting a speedy trial claim in a habeas petition).

    B.    <u>Marshall Has Failed To Exhaust His State Court Remedies, Including Direct Appeal Of The State Court's Denial Of His Motions To Dismiss.</u>

Because Marshall was not imprisoned under a state court judgment when he filed his habeas petition, he filed his petition under 28 U.S.C. § 2241.  Unlike 28 U.S.C. § 2254, § 2241 does not contain a provision that requires a petitioner to exhaust his state-court remedies before seeking habeas relief in federal court.  Nevertheless, courts have required habeas petitioners to "exhaust available judicial . . . remedies before seeking relief under § 2241," although the requirement is not jurisdictional as it is under § 2254.  *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001).  Under this common-law exhaustion doctrine, absent special circumstances, pretrial federal habeas relief is unavailable "to adjudicate the merits of an affirmative defense to a state criminal charge" until

the petitioner has exhausted his remedies in state court. *Braden*, 410 U.S. at 489, 93 S.Ct. at 1127.

Requiring exhaustion in pretrial habeas cases complements the policy of abstention by preventing premature federal intervention in state criminal proceedings and affording state courts the initial opportunity to vindicate federal rights. *Braden*, 410 U.S. at 490-91, 93 S.Ct. at 1127. Marshall, however, seeks to litigate in federal court the merits of an affirmative defense to his state prosecution – *i.e.*, his speedy trial claim – before it has been considered fully by the state courts. His habeas petition thus falls squarely within the class of petitions the exhaustion doctrine precludes. *See also Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993) (attempt to dismiss state indictment or prevent prosecution "is normally not attainable by way of pretrial habeas corpus"); *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (pretrial habeas relief is unavailable to petitioner seeking to "adjudicate the merits of his sixth amendment defense"); *Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979) (district court correctly denied habeas petition that sought "to derail a pending state criminal proceeding" on speedy trial grounds).

This case presents an even stronger case for exhaustion than the typical pretrial habeas petition. Although Marshall initially filed his petition as a pretrial petition under § 2241, he has now been tried and convicted in the state

court proceeding. Upon completion of sentencing, Marshall's petition will fall most appropriately within 28 U.S.C. § 2254, which includes an express exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(A). This court should not dispense with the statutory exhaustion requirement merely because Marshall improperly filed his habeas petition prematurely.

In the context of a speedy trial claim, the "exhaustion requirement is not onerous." *United States v. Castor*, 937 F.2d 293, 297 (7th Cir. 1991). To satisfy the requirement, a defendant must present to the state courts a "federal constitutional claim of a *present* denial of a speedy trial." *Braden*, 410 U.S. at 491, 93 S.Ct. at 1127 (emphasis in original), *quoted in Castor*, 937 F.2d at 297. A petitioner must "fairly present" his claim in the state courts, including the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1349 (2004); *Zichko v. Idaho*, 247 F.3d 1015, 1022 (9th Cir. 2001). As the Supreme Court explained in *Braden*,

> It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts.

*Braden*, 410 U.S. at 490-91, 93 S.Ct. at 1127 (quoting Note, *Developments in the Law – Federal Habeas Corpus*, 83 HARV. L. REV. 1038, 1094 (1970)).

Here, Marshall raised a speedy trial issue in a series of motions that were denied by the state trial court. Now that Marshall has been convicted, he

has the opportunity to challenge the trial court's denial of his speedy trial motions in the Alaska appellate courts. Until the appellate process is complete, Marshall has failed to exhaust his state-court remedies and his habeas petition is therefore premature.

## CONCLUSION

For the foregoing reasons, Marshall's petition should be dismissed. The abstention doctrine generally precludes this court from interfering in state criminal proceedings, and Marshall cannot establish that his claim falls within any exception to that doctrine. In addition, Marshall has not exhausted his state-court remedies with respect to his claim. Marshall still has the state appellate process available to him for pursuit of his speedy trial claim. Until that appellate process is complete, Marshall's petition for habeas relief is premature.

DATED July 12, 2006 , at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

s/ Diane L. Wendlandt
   Assistant Attorney General
   State of Alaska, Dept. of Law
   Office of Special Prosecutions
     and Appeals
   310 K St., Suite 308
   Anchorage, Alaska 99501
   Telephone: (907) 269-6250
   Facsimile: (907) 269-6270

        e-mail: Diane_Wendlandt@law.state.ak.us
        Alaska Bar. No. 9011121

**Certificate of Service**

I certify that on July 12, 2006, a copy of the foregoing Entry of Appearance was served electronically on Mary Geddes.

s/  Diane Wendlandt