**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| FRANK H. MARSHALL,<br><br>　　　　　Petitioner,<br>　　vs.<br>LEI TOPU,<br><br>　　　　　Respondent. | 3:05-00278-CV-JWS-JDR<br><br>**RECOMMENDATION<br>REGARDING RESPONDENT'S<br>MOTION TO DISMISS**<br><br>(Docket No.23) |

　　　　The court has now before it a motion to dismiss by the respondent in the above entitled action. (Docket No. 23). Said motion is opposed by the petitioner, Mr. Frank H. Marshall. (Docket No. 24; no reply filed). For the reasons that follow it shall be recommended that the motion to dismiss be granted.

　　　　Marshall's petition is brought pursuant to 28 U.S.C. § 2241 on the grounds that his federal constitutional rights to a speedy trial and due process under the Sixth an Fourteenth Amendments have been violated due to lengthy delays in his pretrial prosecution attributable to the state's errors in the indictment process. The matter is readily decided.

　　　　When Marshall brought his petition he was in custody awaiting trial. Subsequently, he was convicted in a state court proceeding and is awaiting sentencing

scheduled for August 24, 2006. Marshall is represented by counsel in both his state court proceedings and in this court. The matter is readily decided.

First, Marshall's opposition brief contains not a single citation to authority supporting his argument that he be permitted to litigate his petition despite the fact that he has not yet presented his appeal of the state trial court's denial of his motion to dismiss his federal constitutional claims to the Alaska Court of Appeals. This is notable, but not surprising because there is no authority supportive of his position. On the other hand, the respondent's motion is amply supplied with authority supporting dismissal.

The abstention doctrine is apposite. Under the abstention doctrine there is a "fundamental policy against federal interference with state criminal proceedings." *Younger v. Harris,* 401 U.S. 37, 46 (1971). "With only two exceptions to date, the federal courts have routinely rejected petitions for pretrial habeas relief raising any variety of claims and issues." *In Re Justices Of Superior Court Dept. Of Mass.*, 218 F.3d 11, 17-18 (1st Cir. 2000) (footnote omitted). The exceptions were for violations of the double jeopardy clause, and violation of the right to speedy trial when the relief requested is immediate trial. *Id*. at fn. 5. Neither of those exceptions apply here.

Next, although the exhaustion requirement (a jurisdictional requirement) of 28 U.S.C. § 2254 is not applicable to petitions under § 2241, there is well established common law precedent for requiring exhaustion of state court remedies before seeking pre-trial habeas relief. *Braden v. 30th Judicial Circuit Court Of Ky.,* 410 U.S. 484, 490-491 (1973). *See also*, *Castro-Cortez v. I.N.S.,* 239 F.3d 1037, 1047 (9th Cir. 2001) discussing exhaustion requirement under § 2241..

In short, the court finds no bases in law or reason supporting the contention this matter should proceed in light of the fact that the petitioner's state court remedies have not been exhausted. Thus, the respondent's motion to dismiss should be granted.

## CONCLUSION

For the foregoing reasons it is hereby recommended that the respondent's motion to dismiss at docket No. 23 be **GRANTED**.

DATED this 22nd day of August, 2006, at Anchorage, Alaska.

    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business on September 8, 2006**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities

in support.  Response(s) to the objections shall be filed **no later than the close of business on September 15, 2006**.

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).